Harriet NAGELE and Adolph
Nagele (w/h)

v.

**HOLY REDEEMER VISITING
NURSE AGENCY, INC.**

Civ. A. No. 93–0398.

United States District Court,
E.D. Pennsylvania.

Feb. 25, 1993.

Jonathan Briskin, Philadelphia, PA, for plaintiff.

Peter S. Miller, Marshall, Dennehey, Warner, Coleman & Coggin, Philadelphia, PA, for defendant.

## MEMORANDUM

KATZ, District Judge.

Defendant Holy Redeemer Visiting Nurse Agency, Inc. has moved this court to dismiss the complaint pursuant to Fed.

curate Form R, then both state and local governments are also so barred.

R.Civ.Pro. 12(b)(3).[1] For the reasons stated below, this court agrees that the Eastern District of Pennsylvania lacks proper venue and will order that this action be transferred to the United States District Court for the District of New Jersey.

## I. FACTS

Plaintiffs, Harriet and Adolph Nagele (wife and husband), currently reside in Florida. *See* Complaint at ¶ 1. Defendant Holy Redeemer Visiting Nurse Agency, Inc. is a New Jersey non-profit corporation, has its principal place of business located at 1801 Route 9 North, Swainton, New Jersey, and is licensed to practice in-home nursing only in New Jersey.[2] *See* Motion to Dismiss; *see also* Cohen Affidavit. Defendant is also a member of the Holy Redeemer Health System, Inc., which is a Pennsylvania non-profit corporation. *See* Motion to Dismiss; *see also* Cohen Affidavit. In January 1991, Plaintiff Harriet underwent quadruple bypass surgery and during her hospitalization developed sacral decubitus ulcers (bedsores). *See* Complaint at ¶¶ 6 & 7. Plaintiff Harriet alleges that she was discharged with her sacral ulcers unhealed. *See id.* at ¶ 8. Upon discharge, Defendant provided in-home nursing care for Plaintiff Harriet from January 26, 1991 to February 6, 1991. *See id.* at ¶ 11. Defendant provided this care to Plaintiff Harriet at her sister-in-law's New Jersey home. *See* Plaintiffs' Response. Plaintiff Harriet alleges that during this time her sacral ulcers increased in size and became foul-smelling, and that she required further hospitalization for her sacral ulcers. *See* Complaint at ¶¶ 12 & 13. Plaintiffs commenced suit against Defendant alleging that Defendant's negligence caused the sacral ulcers to worsen and have requested compensation for Plaintiffs' numerous medical expenditures and various losses.

## II. THE VENUE ISSUE

Section 1391(a) of Title 28 specifies the judicial districts where a diversity action shall be brought as:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced.

As will be examined below, the Eastern District of Pennsylvania's contact with this action satisfies none of these three venue possibilities.

### A. Holy Redeemer Visiting Nurse Agency Does Not Reside in This District, Nor Is It Subject to Personal Jurisdiction Here

■ Holy Redeemer Visiting Nurse Agency is a New Jersey non-profit corporation and, as is true for any corporation, resides in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). "Rule 4(e) of the Federal Rules of Civil Procedure authorizes a district court to assert personal jurisdiction over a non-resident to the extent permissible under the law of the state where the district court sits." *North Penn Gas v. Corning Natural Gas*, 897 F.2d 687, 689 (3d Cir. 1990), *cert. denied*, 498 U.S. 847, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990). Pennsylvania law allows a court to exercise personal

1. Defendant has argued both lack of subject matter jurisdiction and improper venue. As there is complete diversity and the amount in controversy exceeds $50,000, however, it appears that this court has subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Therefore, this court will only examine the merits of the improper venue claim.

2. The Defendant states in its motion that in September 1992, Holy Redeemer Visiting Nurse Agency, Inc. changed its name to Holy Redeemer Visiting Nurse Association, Inc. At the same time, a new corporation called Holy Redeemer Visiting Nurse Agency, Inc. was formed as solely an agency providing administrative services. For purposes of this motion, the court will not address the merits of this distinction and will refer to Defendant as Holy Redeemer Visiting Nurse Agency, as this was Defendant's name at the time of the alleged injury.

jurisdiction based upon the following requirements:

    (a) General Rule—The existence of any of the following relationships between a person and the Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such persons ...

    (2) Corporations—

        (i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.

        (ii) Consent, to the extent authorized by the consent.

        (iii) The carrying on of a continuous and systematic part of its general business within the Commonwealth.

42 Pa.C.S.A. § 5301.

Furthermore, Pennsylvania law confers jurisdiction over "all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b). The reach of this section is coextensive with the due process clause of the fourteenth amendment to the United States Constitution. *North Penn*, 897 F.2d at 690.

■ Holy Redeemer Visiting Nurse Agency does not qualify as a resident pursuant to 28 U.S.C. § 1391(c) because Defendant is not subject to personal jurisdiction under either of Pennsylvania's jurisdictional statutes. Defendant is not subject to personal jurisdiction under 42 Pa.C.S.A. § 5301 since Defendant has not been incorporated under Pennsylvania law nor is it qualified as a foreign corporation. Defendant also has not consented to jurisdiction in this state or district. Furthermore, Holy Redeemer Visiting Nurse Agency is only licensed to practice its in-home nursing service in New Jersey, so it could not carry on "continuous and systematic" part of its business in Pennsylvania.

Since jurisdiction is not conferred under § 5301, this court must examine whether Defendant is subject to personal jurisdiction pursuant to 42 Pa.C.S.A. § 5322(b). This may be demonstrated by showing of specific jurisdiction, meaning that the

cause of action upon which the suit is based arose from the defendant's activities in the forum state, or showing of general jurisdiction, meaning that the defendant had " 'continuous and systematic' " contacts with the forum state. *Bane v. Netlink, Inc.*, 925 F.2d 637, 639 (3d Cir.1991) (citations omitted).

■ This district lacks both specific and general jurisdiction over Holy Redeemer Visiting Nurse Agency. Specific jurisdiction does not exist as, by the Plaintiffs own admission, the cause of action is based upon the care Defendant rendered in New Jersey. *See* Plaintiffs' Memorandum of Law at p. 2. General jurisdiction also does not exist over this Defendant. General jurisdiction exists if the defendant had such continuous and systematic contacts that the defendant could reasonably expect it would be haled into a Pennsylvania court. *Bane*, 925 F.2d at 640. As discussed before, Holy Redeemer Visiting Nurse Agency was not registered in Pennsylvania nor was it licensed to practice in Pennsylvania. Therefore, it would be unreasonable for Defendant to expect to be haled into Pennsylvania to defend itself in a suit arising from its in-home nursing practice. Furthermore, the fact that the nurses maintained communication with Plaintiff Harriet's doctor, who practiced in Pennsylvania, does not make it reasonable for the Defendant to expect to defend a suit in Pennsylvania arising from care Defendant rendered in New Jersey.

As Pennsylvania does not have jurisdiction over Holy Redeemer Visiting Nurse Agency, the Eastern District of Pennsylvania is not the proper venue for this action based upon 28 U.S.C. § 1391's residency or personal jurisdiction alternatives for conferring proper venue.

**B. None of Events at Issue Occurred in This District**

■ The third alternative under 28 U.S.C. § 1391 allows for proper venue in any district where the events or omissions causing the action occurred. Again, the Eastern District of Pennsylvania is an im-

proper venue. The complaint alleges that the Defendant provided its service of in-home nursing in a negligent manner. As Defendant is only licensed to provide in-home care in New Jersey and did so provide care to Plaintiff Harriet in her sister-in-law's New Jersey home, the events relevant to the complaint did not occur in the Eastern District of Pennsylvania. *See also* Plaintiffs' Memorandum of Law at p. 2.

### C. Being a "Member" of a Pennsylvania Non–Profit Corporation Does Not Give This District Proper Venue

■ In their complaint, the Plaintiffs appear to assert venue by stating that the Defendant is a "wholly-owned subsidiary of Holy Redeemer Health System, Inc., a Pennsylvania corporation with its corporate office and principal place of business at 727 Welsh Road, Huntingdon Valley, PA." *See* Complaint at ¶ 2. In their reply to the motion to dismiss, Plaintiffs include Defendant's relationship as a member of Holy Redeemer Health System as a relevant jurisdictional contact Defendant has with Pennsylvania. This court finds that such a relationship does not confer proper venue in this district.

In investigating whether this relationship could confer proper venue in this district, the question first arises of what relationship Defendant has with Holy Redeemer Health System. Defendant admits that it is a member of Holy Redeemer Health System. The term "member" is defined by New Jersey Nonprofit Corporation Act as being a "a participant in a corporation having such rights or obligations therein as provided in this act." *See* N.J.S.A. 15A:1–2(h). Defendant argues that it cannot be a "wholly-owned subsidiary," since as a non-profit corporation Holy Redeemer Visiting Nurse Agency has no shareholders. *See also* N.J.S.A. 15A:2–1(d) (stating that a nonprofit corporation may not issue stock). This court finds that it need not reach the merits of what Defendant's exact status as a member is. This court finds even assuming *arguendo* that Defendant did have a subsidiary-type relationship with Holy Redeemer Health System, it is the subsidiary's state of incorporation or place of

doing business which determines these two issues rather than the state of incorporation or place of doing business of the parent corporation. *See Danjag, S.A. v. Pathe Communications Corp.,* 979 F.2d 772, 775 (9th Cir.1992) (citing *Moore's Federal Practice* ¶ 0.77[2.–5] (2d ed. 1992)). This court finds that this reasoning can be extended for purposes of venue. The subsidiary's residence should govern in determining residency and personal jurisdiction, rather than the parent corporation's residence.

This court finds that Defendant's status as a member of the Pennsylvania-based non-profit corporation does not confer on this district proper venue.

## III. CONCLUSION

For these reasons, this court finds venue in this district to be improper. As New Jersey is the state where the defendant resides as well as where the acts or omissions occurred, the United States District Court for the District of New Jersey is the proper venue for this action. *See* 28 U.S.C. § 1391(a). Therefore, this action will be transferred to the United States District Court for the District of New Jersey.

An appropriate order follows.

### ORDER

AND NOW, this 25th day of February, 1993, upon consideration of Defendant's Motion to Dismiss and the response and after a hearing at a pretrial conference, it is hereby ORDERED that Defendant's Motion is GRANTED and the case is TRANSFERRED to the United States District Court for the District of New Jersey for the reasons stated in the foregoing memorandum of the same date. The Clerk shall transmit the record to the Clerk for the District of New Jersey.